United States District Court
Southern District of Texas
**ENTERED**
January 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOLIKA AKWO NWEME, § <br> (BOP # 66602-479), § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> GEO JOE CORLEY DETENTION CENTER, § <br> *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-23-4360 |

**MEMORANDUM OPINION AND ORDER**

Molika Akwo Nweme is a federal inmate being held in the Caroline Detention Facility in Bowling Green, Virginia. He brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA), against the United States and the Joe Corley Detention Center, a private facility operated by the GEO Group Texas under contract with United States Immigration and Customs Enforcement (ICE). (Docket Entry No. 1). Because Nweme is a prisoner seeking relief from the government, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). Based on this review, the court dismisses this action, for the reasons explained below.

**I. Background**

Nweme is serving a 60-month sentence for the false use of a passport and visa fraud. *See United States v. Nweme*, Crim. No. 4:18-cr-497 (S.D. Tex. Nov. 20, 2019), at Dkt. 69. On November 14, 2023, Nweme filed this action under the FTCA, alleging that on October 11, 2018, he was arrested by the United States Marshals Service and detained at the Joe Corley Detention

Center pending federal criminal proceedings. (Docket Entry No. 1, pp. 1-2). Nweme alleges that a few days after his arrest, medical personnel at the Joe Corley Detention Center required him to be tested for tuberculosis as part of the initial screening process. (*Id.* at 2). Nweme alleges that he "reacts adversely" to certain substances in the TB test injection; that he told medical personnel that he had previously suffered an adverse reaction to the injection; and that he asked to be tested for tuberculosis by X-ray rather than by injection. (*Id.*). Despite Nweme's request, medical personnel insisted on testing him with the injection, telling him that he had no right to refuse the test or to dictate how it would be performed. (*Id.*). Nweme alleges that he suffered an adverse reaction because of the injection and that the reaction caused permanent injuries to his arm. (*Id.* at 2-3). He seeks monetary relief to compensate him for his injuries and pain and suffering. (*Id.* at 3).

## II.     The Legal Standards

### A.     Screening Under 28 U.S.C. § 1915A

Because Nweme is a prisoner seeking relief from the government, the court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in

fact when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325-29 (1989)). The court may also dismiss the complaint, or any portion of the complaint, if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

### B. Pleadings from Self-Represented Litigants

Nweme is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Discussion

### A. The Claims Against the United States

Sovereign immunity protects the United States and its departments and agents from actions for damages filed by individuals. *See, e.g., Williamson v. United States Dep't of Agric.*, 815 F.2d 368. 373 (5th Cir. 1987). Sovereign immunity can be waived, but the waiver must be explicit and the United States can be sued only to the extent that it waives its immunity. *See United States v. Orleans*, 425 U.S. 807, 813 (1976). A damages claim against the United States that is not within

an unambiguous waiver of sovereign immunity must be dismissed as outside the court's subject-matter jurisdiction. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA authorizes claims against the United States that arise from "the negligent or wrongful act or omission of any *employee of [a federal] agency* while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2672 (emphasis added). The FTCA defines "federal agency" to exclude "any contractor with the United States." 28 U.S.C. § 2671; *see also Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) (per curiam) ("The FTCA's waiver of sovereign immunity does not extend to negligent acts of independent contractors."); *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010) ("Consent to be sued does not extend to the acts of independent contractors working for the Government."); *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). This court has no authority to ignore the exclusions from the FTCA's waiver of sovereign immunity, including the independent contractor exclusion. *See Orleans*, 425 U.S. at 814; *see also Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) ("A court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress."). When the challenged actions were committed by an employee of a private contractor rather than by an employee of a federal agency, the court must dismiss the action for lack of subject-matter jurisdiction. *See Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

Nweme alleges that medical personnel employed by the GEO Group at the Joe Corley Detention Center negligently injected him with a tuberculosis test agent even after he told them that he had previously had adverse reactions to that agent. These medical personnel are employees of the GEO Group—a contractor with the United States—rather than employees of a federal agency. Because the FTCA does not waive sovereign immunity for the acts of contractors with

the United States, the negligent actions of a contractor's employees will not support a claim for damages against the United States under the FTCA. Nweme's claim against the United States must be dismissed with prejudice under 28 U.S.C. § 1915A(b) as seeking relief from a defendant who is immune.

### B. The Claims Against the GEO Group/Joe Corley Detention Center

Nweme also sues the "GEO Joe Corley Detention Center" under the FTCA based on the alleged negligence of its medical personnel. The FTCA's waiver of sovereign immunity does not extend to the negligent acts of employees of private companies that contract with the federal government. *See, e.g., Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010); *Peacock*, 597 F.3d at 659. In addition, the FTCA does not authorize suit against private contractors. *See, e.g., Menteer v. Applebee*, 196 F. App'x 624, 626-27 (10th Cir. 2006) (affirming the dismissal of an FTCA claim against a company that contracted with the United States Marshals Service to operate private prisons because the company was deemed an independent contractor); *Malachowski v. United States*, No. 1:20-cv-00190-BU, 2023 WL 3119680, at *12 (N.D. Tex. Feb. 9, 2023) (dismissing an FTCA claim against the GEO Group because the FTCA does not waive sovereign immunity for the acts of independent contractors who contract with the United States). Actions under the FTCA against private contractors must be dismissed for lack of subject-matter jurisdiction. *Id.*

In his complaint, Nweme alleges that medical personnel at the Joe Corley Detention Center acted negligently when administering his tuberculosis test. He recognizes that the Joe Corley Detention Center is "privately owned" and operates as a "private contractor." (Docket Entry No. 1, pp. 1-2). The court also takes judicial notice that the GEO Group Texas is a private entity that contracts with the United States Immigration and Customs Enforcement agency to provide prison

5

and detention services at the Joe Corley Detention Center.  *See* Management & Operations, The GEO Group, Inc., https://www.geogroup.com/Management_and_Operations (last visited Dec. 18, 2023).

Nweme's claim against the GEO Group, the Joe Corley Detention Center, and its employees is dismissed under 28 U.S.C. § 1915A(b)(2).  This dismissal is without prejudice to any right Nweme may have to bring an action for the alleged negligence of the GEO Group medical personnel in the Texas state courts.

**IV.     Conclusion**

Nweme's complaint, (Docket Entry No. 1), against the United States is dismissed with prejudice.  His complaint against the GEO Group/Joe Corley Detention Center is dismissed without prejudice to any right he may have to bring an action against that entity in state court.  Any pending motions are denied as moot.  An order of dismissal will be separately entered.

SIGNED on January 12, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge